Crystal Foley (SBN 224627)
cfoley@simmonsfirm.com
**Simmons Hanly Conroy LLC**
100 N. Pacific Coast Highway
Suite 1350
El Segundo, CA 90245
Phone: (310) 322-3555
Facsimile:  (310) 322-3655

Paul J. Hanly, Jr.
(*pro hac vice* to be submitted)
phanly@simmonsfirm.com
Mitchell M. Breit
(*pro hac vice* to be submitted)
mbreit@simmonsfirm.com
**Simmons Hanly Conroy LLC**
112 Madison Avenue
New York, NY 10016-7416
Telephone:  (212) 784-6400
Facsimile:  (212) 213-5949

Attorneys for Plaintiff          Additional Counsel on Signature
                                 Page

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON D. BUI, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>SEARS, ROEBUCK, & CO., SEARS HOLDING CORP., and KCD IP, LLC<br><br>     Defendant. | Case No.  5:18-cv-4121<br><br>**DEMAND FOR JURY TRIAL** |

1
CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

Plaintiff Jon D. Bui ("Plaintiff"), individually and on behalf of all others similarly-situated, brings this action against Sears Holdings Corporation, KCD IP, LLC, and Sears, Roebuck and Company (collectively "Sears"). Plaintiffs' allegations are based upon personal knowledge as to their own conduct and on information and belief as to the acts of others.

## NATURE OF THE CASE

1.    Sears designs, manufactures, sells, and markets a wide range of home products. One of its key proprietary brands is Kenmore, which sears refers to as "among the most trusted and preferred brands in the U.S." *See* www.searsholdings.com/about/sears.

2.    Despite Sears' claim that its Kenmore products are among the most trusted in the United States, Sears designed, manufactured, marketed, and sold water heaters that have a material and serious defect. Specifically, gas water heaters outfitted with Honeywell WV8840 gas valves manufactured from 2010 to 2012 ("Class Water Heaters") leak due to erosion of the gas valve's plastic sensors. The plastic temperature sensors erode or otherwise deteriorate such that a pin-sized hole (or holes) form in the sensors. As a result, water leaks from an affected water heater's sensor to the surrounding premises. The water flow will not stop until the water

supply is shut off, the water is drained from the water heater, and the sensor is replaced (hereinafter, "The Defect").

3.      As a result of the Defect, which was present at the time the point of sale, flooding incidents have caused damage to consumers' water heaters, as well as causing water damage to homes. Although these incidents have been reported to Sears, the company did not forewarn consumers, recall the water heaters, or otherwise notify customers about the Defect.

4.      These water heaters should never have been placed in the stream of commerce. Sears' conduct violates the laws of California. On behalf of himself and the proposed Class, Plaintiff seeks to compel Sears to warn consumers about the Defect, to bear the expense of replacing the defective water heaters that have not yet failed, and to pay for property damage that has already resulted from the Defect, including but not limited to flooding. Additionally, Plaintiff seeks statutory and compensatory damages, injunctive and declaratory relief, restitution, disgorgement of profits, attorneys' fees and costs, and the repair or replacement of the water heaters.

## PARTIES

5.      Plaintiff Jon D. Bui is a citizen and resident of Monterey County, California.

CLASS ACTION COMPLAINT

6.      Defendant Sears Holdings Corporation is a Delaware corporation with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179. Sears Holdings Corporation is the parent company for Sears and Kmart, as well as other national retailers. Sears Holdings Corporation markets, sells, and services Kenmore appliances and equipment, including the Lawnmowers, through its retail establishments throughout the United States. Its stock is traded on NASDAQ as "SHLD." Sears Holdings Corporation was engaged in the business of designing, manufacturing, and distributing the water heaters for sale to consumers in this jurisdiction and others. Sears Holdings Corporation engages in a continuous course of business in California, and based upon information and belief, sells thousands of water heaters in this District every year. California has a significant relationship to the allegations and events alleged herein.

7.      Defendant KCD IP, LLC is a Delaware limited liability company with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179. It is a special purpose entity created by Sears Holdings for securitization purposes that owns Sears' house brands, including Kenmore, Craftsman, and Diehard.

8.      Defendant Sears, Roebuck and Company is a wholly-owned subsidiary of Sears Holdings Corporation, with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179. Sears, Roebuck and Company offers its

CLASS ACTION COMPLAINT

products and services through more than 1,320 Sears-branded and affiliated stores in the United States and Canada, including more than 790 full-line and more than 50 specialty stores in the United States. Sears, Roebuck and Company offers consumers leading proprietary brands, including Kenmore.

## **JURISDICTION AND VENUE**

9.     This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). There are at least 100 members in the proposed class, the aggregate claims of the individual class members exceed the sum of $5,000,000, exclusive of interests and costs, and this is a class action in which Sears and more than two-thirds of the proposed plaintiff class are citizens of different states.

10.    This Court may exercise jurisdiction over Sears because they do substantial business in this State and within this District, receive substantial compensation and profits from the marketing, distribution, sales and servicing of water heaters in this District, and have engaged in the unlawful practices described in this Complaint in this District, so as to subject himself to personal jurisdiction in this District, thus rendering the exercise of jurisdiction by this Court proper and necessary.

11.    Venue is proper in this district under 28 U.S.C. § 1391 because Plaintiff Bui resides in this District and also purchased a Class Water Heater in this District;

CLASS ACTION COMPLAINT

the Sears defendants are foreign entities; and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## <u>SUBSTANTIVE ALLEGATIONS</u>

### The Gas Valve Defect

12.     Every gas water heater has a gas valve control that is mounted outside of the water heater tank that controls the pilot light for the gas supply and regulates the water temperature within the water heater. Sears is one of the leading manufacturers of gas valves for water heaters ("Honeywell Gas Valve" or "Gas Valve").

13.     The Gas Valve contains a "thermowell" which is a tubular fitting used to protect the Gas Valve's temperature sensors. A temperature sensor is inserted in the open end of the thermowell tube.

14.     The thermowell located in the Gas Valves is made of a polymeric plastic material, as shown below in the "Bottom View" diagram.

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



15.     The Gas Valve control comes pre-installed on Kenmore water heaters and several additional brands of water heaters, including but not limited to: Bradford White, American Water Heater, Proline, Whirlpool, U.S. Craftsman, Rheem and A.O. Smith.

16.     While the Defect was present at the point of sale, it was unknown to consumers prior to the manifestation of the Defect in their own hot water heaters. However, Sears knew or should have known that the Gas Valves contained the Defect. Specifically, the temperature sensor located inside the water heater contains a defect that allows a pin-sized hole (or holes) to form. As a result, water leaks from water heater and floods the surrounding area.

CLASS ACTION COMPLAINT

17.    Defective Gas Valves utilize polymeric plastic on the tip of the threaded back plate. As the polymeric plastic is exposed to water, it deteriorates, decreases in thickness, becomes brittle, and eventually erodes to the point of water leaking from the water heater. The photographs below show a Gas Valve after the Defect has manifested.



CLASS ACTION COMPLAINT



18.    Eventually, the fractured plastic polymer allows water under pressure to flow into the gas control area, causing leakage, damage to the water heater, and flooding of consumer's homes and personal property.

19.    Sears knew or should have known that the Gas Valve is defective and would be prone to fracture and leakage.

20.    Significantly, Sears utilizes Honeywell gas valves in which metal is substituted for the defective polymeric plastic. The metal tipped gas valves do not experience the severe deterioration and/or leakage seen in the plastic Class Water Heaters. For example, while 2010 through 2012 "WV Model" Honeywell Gas Valves utilized a polymeric material on the tip, the more recent "WT Model" Honeywell Gas Valve is manufactured with a metal tip.

CLASS ACTION COMPLAINT



**Pictured: A side-by-side comparison of the Sears WT Model Gas Valve (left)**

**and the WV Model Gas Valve (right).**



**WT Model valve on the left. WV Model valve on the right.**

## SEARS' NEGLIGENT AND INTENTIONAL CONDUCT

21.    Sears failed to adequately design, manufacture, and/or test Class Water Heaters to ensure they were free from the Defect before offering them for sale to Plaintiff and the Class, despite its duty to do so.

22.    The Defect poses a serious and immediate safety risk to consumers and the public and has caused or will cause Plaintiff's and Class Members' Class Water Heaters to fail during their expected useful lives.

23.    Sears' Class Gas Valve should have been usable for its intended purpose during its expected useful life of 6-10 years[1]. The Defect, however, existed at the time that Class Water Heaters were sold to Plaintiff and the Class, and the Defect immediately rendered the Class Water Heaters unfit for the ordinary and intended purpose for which they are marketed and sold.

24.    If Class Water Heaters did not suffer from the Defect, Plaintiff and the Class would not have suffered the damages set forth in this Complaint.

25.    Sears has a duty to protect consumers by warning them that the Defect poses unreasonable risks of personal injury and/or property damage.

26.    Nonetheless, even though Sears knew or should have known of the Defect, they chose to conceal the existence of the Defect, continued to sell Class Water Heaters, and failed to remove Class Water Heaters from the marketplace.

---

[1] https://www.nachi.org/life-expectancy.htm

CLASS ACTION COMPLAINT

Sears took these actions to realize the substantial financial benefits of selling the defective Class Water Heaters to the unsuspecting public.

27.     Sears knew or should have known that consumers including Plaintiff and the Class: (a) were unaware of the Defect and could not reasonably be expected to discover the Defect until their Class Water Heaters failed; (b) expected to use Class Water Heaters in their homes without putting their safety and property at risk; and (c) expected Sears to disclose any Defect that would prevent Class Water Heaters from safely performing their intended purpose, as such disclosure by Sears would impact a reasonable consumer's decision whether to purchase a water heater with the Class Water Heaters.

28.     As a result of Sears' concealment of the Defect, many Class Members remain unaware of the existence of the Defect and that the Class Gas Valve poses an unreasonable safety risk and risk of property damage during normal use.

29.     Had Plaintiff and Class Members been made aware of the Defect, they would not have purchased Class Water Heaters.

**SEARS' KNOWLEDGE OF THE DEFECT**

30.     Sears knew or should have known when it sold the Class Water Heaters that these Gas Valves contained the Defect, that the Gas Valves would not hold up to continuous exposure to hot water, and that as a result of the Defect, the Class Gas

CLASS ACTION COMPLAINT

Valve could leak causing damage to the unit, consumers' homes, and personal property.

31.    Sears' knowledge of the Defect is evident from its decision to equip Kenmore water heaters with thermowells manufactured from metal rather than polymeric plastic to eliminate deterioration and leakage problems as described herein. Despite addressing the deterioration and leaking issues through the implementation of WT Model Gas Valves, Sears did not alert Plaintiff and Class Members that their Class Water Heaters contained the Defect and that these defective Class Water Heaters posed a threat of leaking, flooding, and damage to Plaintiff's and Class Members' real and personal property.

32.    Despite knowing that its Gas Valves were likely to deteriorate and leak as a result of continuous exposure to hot water in their known and intended environment during ordinary operation, Sears continued to sell, distribute, and install Gas Valves that suffered from the Defect.

33.    As discussed above, Sears was aware that their Class Water Heaters contained the Defect and that a change in production materials was necessary to allow the gas valves to function as intended and not fail during normal and intended use. Sears nevertheless decided to manufacture, distribute, and sell Class Water Heaters containing the Defect. Sears thus had exclusive and superior knowledge of the Defect and actively concealed the Defect and corresponding damage from

consumers who had no way to reasonably discover the problem before buying their water heaters.

34.    Had Plaintiff and Class Members been aware of the Defect, they would not have purchased the Class Water Heaters or would have paid substantially less for them. Plaintiff and Class Members did not receive the benefit of their bargain as a result.

## PLAINTIFF'S EXPERIENCE

35.    Plaintiff purchased his 40-gallon Kenmore water heater in March of 2013 at Orchard (which has since been acquired by Sears), in Sam City, California, installing it in the garage of his single-family home after reading the User Manual. Plaintiff has extensive experience in construction and has installed numerous water heaters in the course of his profession.

36.    Plaintiff never noticed any problem with the water heater. However, in April of 2018, Plaintiff's water heater began leaking, flooding his garage.

37.    After he discovered the flooding in his garage Plaintiff contacted Sears to repair his Class Water Heater. Sears offered to send out a technician to assess the problem and said that Plaintiff would have to cover the $160 cost. If the technician determined the unit to be defective, Sears offered to cover the cost of the part, but labor would be paid for by Plaintiff.

CLASS ACTION COMPLAINT

38.     Thereafter, Plaintiff purchased a replacement Gas Valve from an online retailer for approximately $400.00. Plaintiff subsequently replaced the defective Gas Valve with the replacement purchased at his expense.

39.     As a result of the Defect and Sears' failure to advise of its existence at the point of sale, Plaintiff has suffered damages and did not receive the benefit of his bargain. Had he been advised of the Defect, Plaintiff either would not have purchased the water heater or would have paid less than he did.

## CLASS ALLEGATIONS

40.     At the time of Plaintiffs' and the Class Members' purchases, Sears failed to disclose the consumer complaints, malfunctions, safety hazards, and material facts related to the Class Water Heaters' Defect.

41.     Before Plaintiffs purchased their Class Water Heaters, Plaintiffs were neither informed about, nor were aware of, the Defect and how it affected Class Water Heaters' components. The Defect was present in the Class Water Heaters at the time they were placed into the stream of commerce.

42.     Sears was in a superior position to know the facts surrounding the Defect in the Class Water Heaters and that it is latent and not easily discoverable. However, instead of disclosing the material Defect to consumers and potential purchasers of the Class Water Heaters, Sears omitted information about it with the intent of selling them to unsuspecting consumers. Sears was under a continuing duty to consumers to disclose the facts that it knew about the Defect's potential safety hazards, regardless the presence of any applicable warranty. Plaintiffs and the Class

Members relied upon Sears' representations about the safety and functionality of the Class Water Heaters when making their purchasing decisions.

43.     Sears intentionally concealed the Defect—a material omission—from potential purchasers. Concealment or omission of a material fact in a transaction constitutes fraud, especially when the fact is known to the manufacturer and is not readily ascertainable to consumers despite ordinary diligence and reasonable investigation prior to purchases.

44.     Sears neither discloses the Defect at the point of sale nor later when the problems resulting from the Defect become evident. As a result, unwitting consumers are forced to repeatedly pay for ineffective "repairs."

45.     Had Sears disclosed the Defect, Plaintiffs would not have purchased the Class Water Heaters or would have paid significantly less for them. Plaintiffs were denied information about the Defect that was material to their purchasing decisions and willingness to use their Class Water Heaters.

46.     Plaintiffs and Class Members experienced damages from the Defect within the warranty period on their Class Water Heaters. Plaintiffs and Class Members reasonably expected that any and all damage resulting from the Defect would be covered under Sears' warranties and that they would not be charged for such repairs.

47.     Sears systematically denies warranty coverage with respect to the Defect. As a result of Sears' inaction and silence, consumers are unaware that they purchased or leased Class Water Heaters that had the Defect at the point of sale. In addition, consumers who experience a manifestation of the Defect and seek repairs

are not told that the "repairs" they pay for are ineffective and will have to be repeated.

48.    Due to the Defect, the values of the Class Water Heaters at the time of purchase or lease were less than the amounts Plaintiffs and Class Members paid.

49.    The Defect causes the Class Water Heaters to lose value, including reducing re-sale value.

50.    The Defect causes Class Members to incur repair costs, lose use and enjoyment of their Class Water Heaters, and to suffer a loss of time and suffering the burden of arranging and obtaining repairs.

## PROPOSED CLASS

51.    Plaintiffs bring this case as a class action under Fed. R. Civ. P. 23(b)(2) and/or 23(b)(3) on behalf of the following Class:

> *All persons in the state of California who purchased a Kenmore water heater manufactured from 2010 to 2012 containing a Honeywell Gas Valve.*

## CLASS CERTIFICATION ALLEGATIONS

52.    <u>Numerosity</u>. The Class is comprised of hundreds of Class Water Heater owners within California, making joinder difficult if not impossible.

53.    <u>Commonality</u>. Questions of law and fact exist that are common to all Class Members, and predominate over any questions that affect only individual Class Members, including (among others):

a.    Whether Class Water Heaters suffer from the Defect;

b.    Whether the Defect causes damage to the Class Water Heaters;

c. Whether the Defect existed at the time the Class Water Heaters entered the stream of commerce;

d. Whether Sears knew or should have known about the Defect;

e. Whether Sears failed to disclose Defect at the time that Class Members purchased the Class Water Heaters or thereafter;

f. Whether Sears breached its express warranties by failing to permanently repair or refusing to repair the Defect for Class Members;

g. Whether Sears' failure to disclose the Defect constitutes an unfair and deceptive act or practice in violation of the California Consumer Legal Remedies Act and Unfair Competition Law.;

h. Whether Sears acted or refused to act on grounds generally applicable to the Class, thereby making the award of equitable relief appropriate to the Class as a whole;

i. Whether the Defect diminishes the value of the Class Water Heaters.

54. Typicality. Plaintiffs' claims are typical of the claims of Class Members.

55. Adequacy. Plaintiffs are adequate representatives of the proposed classes because their interests do not conflict with the interests of the members of the classes they seek to represent. Plaintiffs retained counsel who are competent and

18

experienced in complex class action litigation, and will prosecute vigorously on Class Members' behalf.

56.    <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Sears economically feasible. Even if Class Members themselves could afford individualized litigation, the court system could not. In addition to the burden and expense of managing many actions arising from the Defect, individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

57.    In the alternative, the proposed Class(es) may be certified because:

a.    the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent adjudications, which could establish incompatible standards of conduct for Sears;

b.    the prosecution of individual actions could result in adjudications that, as a practical matter, would be dispositive of the interests of non-party Class Members, or which would substantially impair their ability to protect their interests; and

CLASS ACTION COMPLAINT

c.    Sears acted or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to members of the proposed classes as a whole.

58.    <u>Predominance</u>. This class action is appropriate for certification because questions of law and fact common to Class Members predominate over questions affecting only individual members.

**TOLLING OF STATUTE OF LIMITATIONS**

59.    <u>Active Concealment Tolling</u>. Any statutes of limitations are tolled by Sears' knowing and active omission and concealment that the Class Water Heaters suffered from a Defect. Sears had a duty to disclose this Defect and its consequent performance and safety problems to Plaintiffs and Class Members because Sears had superior knowledge of this Defect and the Defect was neither known to, nor easily discoverable by, Plaintiffs and Class Members.

60.    Despite its affirmative duty to disclose the nature and existence of this Defect, Sears kept Plaintiffs and Class Members ignorant of vital information essential to the pursuit of their claims,  without any fault or lack of diligence on the part of Plaintiffs or Class Members. The details of Sears' efforts to omit its above-described unlawful conduct are in its possession, custody, and control, to the exclusion of Plaintiffs and the Class Members. Plaintiffs could not reasonably have discovered the fact that the Class Water Heaters suffered from a Defect.

61.    <u>Estoppel</u>. Sears was and is under a continuing duty to disclose to Plaintiffs and Class Members the true character, quality, and nature of the Defect.

At all relevant times, and continuing to this day, Sears knowingly, affirmatively, and actively misrepresented and omitted the true character, quality, and nature of the problems caused by this Defect. The details of Sears' knowledge and omissions are in its possession, custody, and control, to the exclusion of Plaintiffs and Class Members. Plaintiffs and Class Members reasonably relied upon Sears' knowing and/or omissions. Based on the foregoing, Sears is estopped from relying upon any statutes of limitation in defense of this action.

62.     <u>Equitable Tolling</u>. Sears took active steps to omit the fact that it wrongfully, improperly, illegally, and repeatedly manufactured, marketed, distributed, sold, and/or leased the Class Water Heaters with the leaking problems caused by the Defect. The details of Sears' efforts to conceal the Defect are in its possession, custody, and control, to the exclusion of Plaintiffs and Class Members. Sears' failure to disclose and active concealment of the Defect amounts to bad faith and deception in and of itself. When Plaintiffs learned about this material information, they exercised due diligence by thoroughly investigating the situation, retaining counsel, and pursuing their claims. Should it be necessary, therefore, all applicable statutes of limitation are tolled under the doctrine of equitable tolling.

63.     Given Sears' active and knowing concealment of the Defect, equitable tolling of the statutes of limitations applicable to the causes of action brought in this case is appropriate.

64.     Plaintiffs and Class Members could not have reasonable discovered the true reasons for the Defect until the recent investigation which led to the filing of this Complaint.

# FIRST CLAIM FOR RELIEF
## Breach of Express Warranty
### Cal. U.C.C. § 2313

65.     Plaintiffs, individually and on behalf of the Class, incorporate all of the foregoing allegations into this cause of action.

66.     Sears expressly warrantied that Class Water Heaters were free from defects in materials and workmanship and promised it would cover and/or replace all defective parts and provide replacement units for those that developed water leaks.

67.     Sears materially breached its express warranties by manufacturing, selling, and leasing Class Water Heaters that contained the Defect, which rendered them unsafe or unfit for use as warranted.

68.     Sears was put on notice of the breach by Plaintiffs' efforts to get their Class Water Heaters repaired by contacting Sears.

69.     As a result of Sears' breach of warranties, Plaintiffs and Class Members have sustained damages, including diminished value of their Class Water Heaters.

70.     Sears' time limits on its warranties are unconscionable because Sears knew or had reason to know that Plaintiffs and Class Members might not experience the deterioration of the Gas Valves in the Class Water Heaters and, in many instances, detection of the Defect would only occur once the Water Heaters leaked and stopped working properly after the warranty period had expired. By making misleading representations and/or omissions about the Defect, Sears prevented Class Members from timely exercising their rights under the warranties.

CLASS ACTION COMPLAINT

71.     Plaintiffs and Class Members are entitled to recover all damages as a result of SEARS' breach of warranties in an amount in excess of $5,000,000.00.

## SECOND CLAIM FOR RELIEF
### Violation of the CLRA
### Cal. Civ. Code § 1770 *et seq.*

72.     Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

73.     Defendants fall within the definition of "person" as defined by the CLRA. Cal. Civ. Code Sec. 1761(c).

74.     Plaintiff and Class Members are "consumers" within the meaning of the CLRA, as defined by Cal. Civ. Code Sec. 1761(d), who purchased one or more pieces of Class Water Heaters.

75.     The CLRA prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code Sec. 1770(a).

76.     Sears has engaged in unfair or deceptive trade practices that violated Cal Civ. Code Sec. 1770(a), as described above and below, by, among other things, failing to disclose the defective nature of Class Water Heaters, representing that Class Water Heaters were of a particular standard, quality, or grade when they were of another, and advertising Class Water Heaters with the intent not to sell them as advertised. *See* Cal. Civ. Code Sections 1770(a)(5), (a)(7), (a)(9).

CLASS ACTION COMPLAINT

77.     Sears knew, should have known, or was reckless in not knowing that its products did not have the qualities, characteristics, and functions it represented, warranted, and advertised them to have.

78.     Plaintiff and Class Members are reasonable consumers who expected that their Class Water Heaters would work as represented.

79.     As a result of Sears' conduct and unfair or deceptive acts or practices, Plaintiff and Class Members suffered actual damages in that the Class Water Heaters do not function as represented and are not worth the amount paid and Sears has deprived Plaintiff and Class Members the benefit of the bargain.

80.     Plaintiff and the Class seek an order enjoining Sears' unfair or deceptive acts or practices, equitable relief, an award of attorneys' fees and costs under Cal. Civ. Code Sec. 1780(e).

81.     Pursuant to the Provisions of the CLRA, Plaintiff will give notice of the defect to Sears and upon the expiration for the period described in Cal. Civ. Code Section 1782, subd. (d), Plaintiffs will amend this Complaint to state a claim for damages under the CLRA.

### THIRD CLAIM FOR RELIEF
**Violation of the UCL**
**Cal. Bus. & Prof. Code § 17200 *et seq.***

82.     Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

83.     California Business & Professions Code § 17200 prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Sears' conduct related to the sale of its defective Class Water Heaters violated each of this statute's three prongs.

84.     Sears committed an unlawful business act or practice in violation of Cal. Bus. & Prof. Code § 17200, et seq., by their violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq., as set forth above, by the acts and practices set forth in this Complaint.

85.     Sears committed unfair business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, et seq., when it sold Class Water Heaters that contained the Defect, and when it represented that the Class Water Heaters were in good working order and functioned as intended at the point of sale when in fact they did not.

86.     Sears committed fraudulent business acts and practices in violation of Cal. Bus. & Prof. Code § 17200, et seq., when it affirmatively and knowingly misrepresented that the Class Water Heaters were suitable for installation in the home and free from any defects. Sears' representations and concealment of the defect are likely to mislead the public with regard to the true defective nature of the Class Water Heaters.

87.    As a direct and proximate result of Sears' unfair and deceptive practices, Plaintiff and Class Members suffered and will continue to suffer actual damages.

88.    As a result of its unfair and deceptive conduct, Sears has been unjustly enriched and should be required to disgorge its unjust profits and make restitution to Plaintiff and Class Members pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17204.

89.    Legal remedy alone will be insufficient to fully redress Plaintiff' injuries and stop Sears from continuing in its unfair and deceptive conduct. Therefore, Plaintiff and the Class seek equitable relief, including an order enjoining Sears' unfair or deceptive acts or practices, and an award of attorneys' fees and costs under Cal. Code of Civ. Proc. § 1021.5.

## FOURTH CLAIM FOR RELIEF
### Breach of Implied Warranty
### Cal. Civ. Code § 1791.1

90.    Plaintiffs, individually and on behalf of the Class, incorporate all of the foregoing allegations into this cause of action.

91.    Sears warrantied that Class Water Heaters were of merchantable quality and fit for their ordinary purpose. Sears warrantied that the Class Water Heaters' primary components, including the Gas Valves, would operate properly. Sears breached these implied warranties in that the Class Water Heaters were not merchantable because parts of the Gas Valves deteriorate, causing Class Water

26

Heaters to develop holes and leak water. The Class Water Heaters' Gas Valves contained the Defect described herein, such that the water heaters leaked and failed to function as intended.

92.     To the extent necessary, Plaintiffs and each Class Member have had sufficient direct dealings with Sears or its agents (including dealerships) to establish privity of contract between Sears, on the one hand, and Plaintiffs and each member of the Class, on the other hand. Nonetheless, privity is not required here because Plaintiffs and each Class Member are intended third-party beneficiaries of contracts between Sears and dealers of its Kenmore appliances, and specifically, of Sears' implied warranties. These dealers were not intended to be the ultimate consumers of the Class Water Heaters and have no rights under the warranty agreements provided with the Class Water Heaters; the warranty agreements were designed for and intended to benefit consumers only.

93.     As a result of Sears' breaches of implied warranties, Plaintiffs and Class Members have suffered damages.

**FIFTH CLAIM FOR RELIEF**
**Negligence**

94.     Plaintiffs, on behalf of the Class, incorporate all of the foregoing allegations into this cause of action.

95.     Sears owed Class Members a duty of reasonable care to ensure that the Gas Valves within the Class Water Heaters would operate safely and properly for their reasonably anticipated use.

CLASS ACTION COMPLAINT

96.     Sears breached its duty by failing to ensure that the Gas Valves used in Class Water Heaters were free from the Defect. Sears also breached its duty by failing to warn Plaintiffs and Class Members that the Gas Valves used in Class Water Heaters were not free from the Defect or the safety hazards caused by it.

97.     As a direct and proximate result of Sears' negligence, holes develop in the water heaters, causing them to leak and causing Plaintiffs to have to seek replacement parts or replacement water heaters. As a result, Plaintiffs and Class Members have suffered damages.

## SIXTH CLAIM FOR RELIEF
### Violation of the Magnuson-Moss Warranty Act
### 15 U.S.C. § 2301, *et seq.*

98.     Plaintiffs, individually and on behalf of the Class, incorporate all of the foregoing allegations into this cause of action.

99.     Under the Magnuson-Moss Warranty Act (the "Act"), Class Members are "consumers," Sears is a "supplier" and "warrantor," and the Class Water Heaters are "consumer products."

100.     Under 15 U.S.C. § 2301(d)(1), the  Act provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

101.     Sears' express warranties are written warranties within the meaning of the  Act, 15 U.S.C. § 2301(6). The Class Water Heaters' implied warranties are covered under 15 U.S.C. § 2301(7).

102.     Sears breached these warranties as described in more detail above in the First Cause of Action. Without limitation, all Class Water Heaters suffer from a

28

common Defect that manifests in the form of water leaks and the Defect is present at the point of sale.

103.    Under the  Act, Sears was obligated to disclose to Class Members the known Defect and was obligated to repair or otherwise remedy the Defect.

104.    To the extent necessary, Plaintiffs and each Class Member have had sufficient direct dealings with Sears or its agents to establish privity of contract between Sears, on the one hand, and Plaintiffs and each Class Member, on the other hand. Nonetheless, privity is not required here because Plaintiffs and each member of the Class are intended third-party beneficiaries of contracts between Sears and its retailers and subsidiaries, and specifically, of Sears' express and/or implied warranties. These retailers were not intended to be the ultimate consumers of the Class Water Heaters and have no rights under the warranty agreements provided with the Class Water Heaters; the warranty agreements were designed for and intended to benefit consumers only.

105.    Sears failed to meet its disclosure and remedy obligations, despite reasonable opportunity to do so.

106.    Sears' violation of the Act caused damage to Class Members and entitles them to statutory relief.

## SEVENTH CLAIM FOR RELIEF
### Unjust Enrichment

107.    Plaintiffs, on behalf of the Class, incorporate all of the foregoing allegations into this cause of action.

CLASS ACTION COMPLAINT

108.    As described above, Sears sold Class Water Heaters to Class Members even though the Gas Valves were defective and imposed a safety hazard, and failed to disclose its knowledge of the Defect and its attendant risks at the point of sale or otherwise. Furthermore, Sears charges for repairs of the water heaters without disclosing that the Defect is widespread and that the repairs do not address its root cause.

109.    As a result of its fraudulent acts and omissions related to the defective water heaters, Sears obtained monies which rightfully belong to Plaintiffs and Class Members to their detriment.

110.    Sears appreciated, accepted, and retained the non-gratuitous benefits conferred by Plaintiffs and Class Members, who, without knowledge of the Defect, paid a higher price for their water heaters than those water heaters were worth. Sears also received monies for the water heaters that Plaintiffs and Class Members would not have otherwise paid for the Class Water Heaters had they been aware of the Defect.

111.    Sears' retention of these wrongfully-obtained profits violates fundamental principles of justice, equity, and good conscience.

112.    Plaintiffs and Class Members are entitled to restitution of the profits Sears unjustly obtained, plus interest.

## **PRAYER FOR RELIEF**

Therefore, Plaintiffs seek judgment against Sears and relief as follows:

A.    An Order certifying this case as a Class Action;

CLASS ACTION COMPLAINT

B.   An Order appointing the Plaintiffs as the Class Representatives of the Class;

C.   An Order appointing Plaintiffs' counsel as Class Counsel;

D.   Damages and other relief under statutory or common law;

E.   Attorneys' fees and costs;

F.   Pre- and post-judgment interest;

G.   Declaratory, injunctive, and equitable relief; and

H.   Such other relief as is just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and the proposed Class, hereby demand a trial by jury as to all matters so triable.

DATED: July 11, 2018          Respectfully submitted,

/s/ Crystal Foley
Crystal Foley (SBN 224627)
**SIMMONS HANLY CONROY LLC**
100 N. Pacific Coast Highway
Suite 1350
El Segundo, California 90245
Telephone: (310) 322-3555
Facsimile:  (310) 322-3655
cfoley@simmonsfirm.com

31

CLASS ACTION COMPLAINT

Paul J. Hanly, Jr.
(*pro hac vice* to be submitted)
Mitchell M. Breit
(*pro hac vice* to be submitted)
**SIMMONS HANLY CONROY LLC**
112 Madison Avenue
New York, New York 10016-7416
Telephone:  (212) 784-6400
Facsimile:  (212) 213-5949
phanly@simmonsfirm.com
mbreit@simmonsfirm.com

Gregory F. Coleman
(*pro hac vice* to be submitted)
Mark E. Silvey
(*pro hac vice* to be submitted)
Adam A. Edwards
(*pro hac vice* to be submitted)
Lisa A. White
(*pro hac vice* to be submitted)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone:  (865) 247-0080
Facsimile:  (865) 522-0049
greg@gregcolemanlaw.com
mark@gregcolemanlaw.com
adam@gregcolemanlaw.com
lisa@gregcolemanlaw.com

***Attorneys for Plaintiff***

CLASS ACTION COMPLAINT